IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN MELVIN,

     Plaintiff,                  No. CIV S-04-1016 KJM

     vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.              ORDER

/

         Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's alternative motion for remand and deny the Commissioner's cross-motion for summary judgment.

I. Factual and Procedural Background

         In a decision dated November 19, 2003, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability

1

Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of severe cardiomyopathy, obesity, sleep apnea, history of neck and knee fractures and psoriasis but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff cannot perform his past relevant work; plaintiff can perform a wide range of sedentary work; and using grid rule 201.28 and/or 201.29, plaintiff is not disabled. Administrative Transcript ("AT") 26-27. Plaintiff assigns several errors to the ALJ's analysis; dispositive, however, is plaintiff's argument that the ALJ did not properly evaluate equivalence at step three of the sequential analysis.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

---

is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

    A. Listing 4.02B

        Plaintiff contends the ALJ committed error at step three of the sequential analysis by failing to find plaintiff's symptoms equal a listed impairment. The Social Security Regulations' "Listing of Impairments" is comprised of impairments to certain specified categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed

/////

disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. <u>Key v. Heckler</u>, 754 F.2d 1545, 1550 (9th Cir. 1985).

To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526. Where more than one impairment is present, but the impairments do not meet or equal a listed impairment, the impairments will be considered in combination to determine whether the combination is medically equal to any listed impairment. <u>Id.</u> The claimant's impairments "must be considered in combination and must not be fragmentized in evaluating their effects." <u>Lester v. Chater</u>, 81 F.3d 821, 829 (9th Cir. 1995) (citations omitted). A finding of equivalence must be based on medical evidence only. 20 C.F.R. § 404.1529(d)(3). A generalized assertion of functional problems is not enough to establish disability at step three. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100 (9th Cir. 1999).

Plaintiff argues that the ALJ failed to consider the combination of his impairments at step three and also failed to consider whether his symptoms equaled a listing. The ALJ specifically addressed Listings 4.02B and 1.02A, concluding Listing 4.02B was neither met nor equaled and that plaintiff had not alleged nor did the record support any finding that plaintiff fulfilled the prerequisite of an inability to ambulate effectively under Listing 1.02A. AT 22. The court finds no error in the ALJ's analysis regarding Listing 1.02A. The ALJ's inquiry into whether plaintiff equals Listing 4.02B,[2] however, is less than complete.

---

[2] Plaintiff's argument regarding Listing 4.02A is unavailing. The record cannot support a finding that plaintiff is unable to carry on any physical activity, as required by the Listing. <u>See</u>, <u>e.g.</u>, AT 327, 328. Plaintiff also contends the ALJ should have addressed Listing 8.05, pertaining to psoriasis. The records, however, indicate that although plaintiff had flare-ups of his psoriatic condition, the lesions responded to treatment, thus precluding a finding under that

4

Listing 4.02B requires documented cardiac enlargement or ventricular dysfunction or left ventricular ejection fraction of 30 percent or less. 20 C.F.R., Pt. 404, Subpt. P. App. 1. The ALJ acknowledged plaintiff met this requirement. AT 22. The Listing further requires an inability to perform on an exercise test at a workload equivalent to 5 METs.[3] Listing 4.02B(1). The ALJ concluded plaintiff could not meet or equal this Listing because the record did not show plaintiff had undergone an exercise test. AT 22. The regulations provide, however, that the Commissioner will purchase such a test in appropriate circumstances.[4] It appears those circumstances are present here. The Listing also requires marked limitation of physical activity, as demonstrated by certain symptoms, including fatigue and dyspnea. These symptoms are evident in the record, although not consistently reported. AT 146, 148, 152, 170; cf. AT 143.

Plaintiff's medical records present a complex medical picture, to say the least. Because of the nature of the impairments found to be severe by the ALJ, i.e., severe cardiomyopathy, obesity, sleep apnea, history of neck and knee fractures and psoriasis, this court cannot determine from the ALJ's brief analysis whether plaintiff's complex impairments were properly considered in combination for equivalence. For instance, Social Security Ruling 02-01p notes that obesity in combination with another impairment may increase the severity or functional limitations. See, e.g., AT 309 (moderate to severe obstructive pattern present on pulmonary function test; restrictive deficit might be explained by plaintiff's obesity). Although the ALJ claimed to have considered plaintiff's morbid obesity in connection with determining

---

Listing. AT 263-264.

[3] MET stands for Metabolic Equivalent. See Stedman's Online Medical Dictionary (www.stedmans.com).

[4] "It is well recognized by medical experts that exercise testing is the best tool currently available for estimating maximal aerobic capacity in individuals with cardiovascular impairments. Purchase of an exercise test may be appropriate when there is a question whether an impairment meets or is equivalent in severity to one of the listings, or when there is insufficient evidence in the record to evaluate aerobic capacity, and the claim cannot otherwise be favorably decided." 20 C.F.R., Pt. 404, Subpt. P. App. 1, 4.00C(2)(a).

5

whether plaintiff met or equaled Listing 4.02B, there is nothing in the ALJ's opinion that allows this court to properly review how obesity factored into the ALJ's conclusions. AT 22. The ALJ's reliance on the state agency physician's opinion is misplaced, id., as there is no indication the state agency physician analyzed Listing 4.02B for equivalence. AT 165. In a situation like this, testimony of a medical consultant and purchase of an exercise test would be particularly helpful, both to meet the ALJ's obligation of developing a complete record and for purposes of the court's meaningful review. See Marcia v. Sullivan, 900 F.2d 172 (9th Cir.1990); see also 20 C.F.R. § 416.926(b) (medical equivalence must be based on medical findings; Commissioner will consider medical opinion of consultant in deciding medical equivalence). The matter therefore will be remanded so an exercise test for plaintiff may be obtained by the Commissioner and the testimony of a medical advisor regarding medical equivalence may be taken.

## B. Physician's Opinion

Plaintiff also assigns other errors regarding the ALJ's rejection of a physician's opinion and assessment of plaintiff's credibility. Save for one point, as discussed below, the court finds no merit in plaintiff's contentions. The matter will be remanded for further analysis at step three. If plaintiff's symptoms are found to be equivalent to Listing 4.02B, plaintiff is irrebuttably presumed disabled. In the event equivalence is not found, however, the court notes the following with respect to plaintiff's contentions.

Plaintiff asserts the ALJ improperly discounted the opinion of a treating physician, Dr. Breen. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d at 830. Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record;

1  and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a
2  treating or examining medical professional only for "clear and convincing" reasons. Lester, 81
3  F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be
4  rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id., 81
5  F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is
6  contradicted by a supported examining professional's opinion (e.g., supported by different
7  independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d
8  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In
9  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
10 findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,
11 minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a
12 non-examining professional, without other evidence, is insufficient to reject the opinion of a
13 treating or examining professional. Lester, 81 F.3d at 831.

14          Dr. Breen served in both a treating and consultative capacity and the ALJ so
15 noted. AT 20, 24, 132-157, 170-178. Under either the standard for reviewing a treating or
16 consultative physician's opinion, the ALJ properly rejected Dr. Breen's lifting and reaching and
17 pushing/pulling limitations as unsupported by the record. AT 24, 175-176 (other than dictation[5]
18 referenced that lent no support, no findings set forth as specifically required by form). Similarly,
19 the state agency physician's restriction in overhead reaching was properly rejected as
20 unsupported by any objective evidence of functional limitations resulting from plaintiff's past
21 neck injury. AT 24, 161. With respect to the environmental limitations found by Dr. Breen,
22 however, the dictated consultative report supports the restrictions. AT 178, 170-173. In finding
23 plaintiff retained the residual functional capacity to perform a wide range of sedentary work, the

---

[5] The ALJ's misreading of Dr. Breen's handwritten notes, see AT 20 (characterizing "dict." as "dietician"), does not alter the conclusion that the ALJ's finding of lack of support was sound. The court has reviewed the dictation referenced by Dr. Breen in reaching this conclusion. AT 176, 170-173.

ALJ erred in failing to address the environmental restrictions found by Dr. Breen.[6]  See Allen v. Secretary of Health and Human Services, 726 F.2d 1470 (9th Cir. 1984) (guidelines do not fully apply where plaintiff suffers from an impairment that results in environmental restrictions).

### C.  Credibility

Plaintiff also contends the ALJ did not properly assess his credibility.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d at 522.  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d at 1284; see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

---

[6] Defendant's citation to SSR 83-14 for the proposition that environmental restrictions do not affect the sedentary range of work is disingenuous.  The cited ruling notes only that an environmental restriction due to ragweed pollen would not significantly reduce the range of sedentary work.

to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.[7] See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d at 177 n.6. "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

The factors considered by the ALJ, i.e., plaintiff's failure to follow prescribed treatment, activities of daily living, and lack of treatment for allegedly debilitating conditions, all were valid and supported by the record. AT 23, 25; cf. AT 173, 302, 326, 327-328. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

/////
/////
/////
/////
/////
/////
/////
/////

---

[7] Even if plaintiff had no medical insurance, the record demonstrates that plaintiff had the means by which he could obtain medical treatment when he felt it was necessary. AT 105-128, 129-130, 131, 132-157, 265-301.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's alternative motion for remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: September 27, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006 melvin.ss